UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| D'CARTIA HOSKINS, | |
| Petitioner, | |
| v. | CAUSE NO.: 3:20-CV-00091-JD-MGG |
| WARDEN, | |
| Respondent. | |

OPINION AND ORDER

D'Cartia Hoskins, a prisoner without a lawyer, filed a habeas corpus petition challenging a disciplinary proceeding at Miami Correctional Facility (MCF 19-09-0514) in which he was found guilty of possessing a cellular device in violation of Indiana Department of Correction ("IDOC") disciplinary offense A-121. (ECF 2.) Among other sanctions, he lost 120 days of earned-timed credits and received a credit-class demotion. (ECF 9-4.)

The charge was initiated based on a witness statement Mr. Hoskins submitted on behalf of inmate Ricky Houston in another disciplinary case; that case arose from the discovery of a cellular phone in the cell Mr. Hoskins shared with Houston. On September 19, 2019, Sergeant H. Winegardner wrote a conduct report stating as follows:

> I, DHB Sgt. H. Winegardner, was in my office on 09/19/2019 at approx. 8:00 AM checking on a case from July. The incident in the case took place on 07/23/2019 in PHU cell 229/230. In the case, I discovered a witness statement signed by Offender Hoskins, D'Cartia DOC 249227. The statement written by him states that "They wrote me and my Bunkie up for the same thing. I take full responsibility for the electronic device. I plugged it in Houston's TV while he was asleep. He didn't have any

> knowledge of it . . . " Hoskins statement caused me to further investigate his conduct report he states he received. I pulled the original conduct reports from July that are stored in my office. In the box I located the case he is referring to. The case is a conduct report for an A-121 Poss/Use of Electronic Device issued on 7/23/2019 with evidence. This new conduct has been issued due to Offender Hoskins admitting that he was in possession of a cell phone. The original case has been dismissed in place of this one. Attached is his witness statement and evidence from the case he admits to having.

(ECF 9-1 at 1) (errors in original). In the attached written statement from the other disciplinary case, Mr. Hoskins stated as follows:

> This is Really a duplicate write-up. They wrote me and my Bunkie up for the same thing. I take full responsibility for the electronic device. I plugged it in Houston's TV while he was sleeping. He didn't have any knowledge of it. The write-up even says the offender was seen trying to unplug the cord. It was me, not Houston. I already been wrote up for it. Free Houston, he's a good guy.

(ECF 9-1 at 2) (errors in original). An evidence record form, a notice of confiscated property form, and a photograph of the phone that had been recovered were also made part of the record. (ECF 9-1 at 3-5.)

On September 23, 2019, Mr. Hoskins was formally notified of the charge. (ECF 9-2.) He pled not guilty and requested a witness statement from inmate Houston "to tell the truth." (*Id.*) A statement was obtained from inmate Houston, who stated as follows:

> Me and Hoskins were sleeping and were both awaken when the two officers come in our cell. I got handcuffed first and walked to the table. After the other officer walked Hoskins down to where I was sitting she had my tv in her hand and said she was taking it because there was a charger attached to it.

(ECF 9-5) (errors in original).

2

The hearing was postponed four times for further investigation and due to unavailability of staff. (ECF 9-3 at 1-4.) On November 7, 2019, a hearing was held on the charge. (ECF 9-4.) Mr. Hoskins pled not guilty and stated as follows in his defense: "I didn't have a cell phone it was a cord I took ownership of." (*Id.*) Based on the evidence, the hearing officer found Mr. Hoskins guilty. (*Id.*) He appealed to the warden, but his appeal was denied. (ECF 9-6; ECF 9-7.) He did not pursue a further appeal. (*See* ECF 9-8.) He then filed this petition. (ECF 2.)

When prisoners lose earned-time credits in a disciplinary proceeding, the Fourteenth Amendment Due Process Clause guarantees them certain procedural protections: (1) at least 24 hours advance written notice of the charge; (2) an opportunity to be heard by an impartial decisionmaker; (3) an opportunity to call witnesses and present documentary evidence when consistent with institutional safety and correctional goals; and (4) a written statement by the decisionmaker of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539 (1974). To satisfy due process, there must also be "some evidence" to support the hearing officer's decision. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985).

Mr. Hoskins raises four claims in his petition, which the court paraphrases as follows: (1) the conduct report was confusing; (2) the disciplinary hearing was not held in a timely fashion; (3) his double jeopardy rights were violated because he was charged twice with the same offense; and (4) his rights were violated because different officers wrote the conduct report and collected the evidence in the case. (ECF 2 at 2-4.) The

3

respondent argues that all four claims are procedurally defaulted because Mr. Hoskins did not present them to the final reviewing authority.[1] (ECF 9 at 6-8.)

Before a petitioner can obtain federal habeas relief, he must exhaust all available state remedies, and the failure to do so constitutes a procedural default precluding relief on the merits. 28 U.S.C. § 2254(b)(1)(A); *Markham v. Clark*, 978 F.2d 993, 995-96 (7th Cir. 1992). Indiana does not provide judicial review of decisions by prison administrative bodies, so the exhaustion requirement in 28 U.S.C. § 2254(b) is satisfied by pursuing available administrative remedies. *Moffat v. Broyles*, 288 F.3d 978, 981-82 (7th Cir. 2002). "Indiana offers two levels of administrative review: a prisoner aggrieved by the decision of a disciplinary panel may appeal first to the warden and then to a statewide body called the Final Reviewing Authority." *Id.* To properly exhaust, "a legal contention must be presented to each administrative level." *Id.*

Upon review, the record reflects that Mr. Hoskins did not pursue an appeal to the final reviewing authority. (*See* ECF 9-8.) His claims are therefore procedurally defaulted. *Moffat*, 288 F.3d at 981-82. He does not address his default or provide grounds to excuse it. Therefore, the court cannot reach his claims on the merits.

Assuming *arguendo* that the claims could be considered on the merits, they would not entitle him to federal habeas relief. It can be discerned that claims two and four are premised on the failure of prison staff to adhere to the requirements of the IDOC Disciplinary Code for Adult Offenders ("Disciplinary Code"). Even if he is

---

[1] Mr. Hoskins was afforded until September 17, 2020, to file a traverse in support of his petition. (ECF 4.) The deadline passed 60 days ago and no traverse has been filed.

4

correct in his arguments, a violation of internal prison policy or other state law does not present a cognizable basis on which to grant him federal habeas relief. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991); *Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (inmate's claim that hearing officer failed to follow internal policies and procedures in prison handbook had "no bearing on his right to due process"). Claim three is also unavailing, because double jeopardy principles do not apply in the prison disciplinary context. *Meeks v. McBride*, 81 F.3d 717, 722 (7th Cir. 1996). Additionally, the record reflects that the earlier disciplinary charge was dismissed, and that Mr. Hoskins was not punished twice for the same conduct. (ECF 9-1 at 1.)

      As for claim one, Mr. Hoskins appears to be arguing that the conduct report was confusing and thus did not adequately advise him of the charge. (ECF 2 at 1.) Inmates are entitled to at least 24 hours advance written notice of the charge. *Wolff*, 418 U.S. at 564. "The notice should inform the inmate of the rule allegedly violated and summarize the facts underlying the charge." *Northern v. Hanks*, 326 F.3d 909, 910 (7th Cir. 2003). Here, Mr. Hoskins received significantly more than 24 hours' notice, as he was formally notified of the charge on September 23, 2019, and the hearing was held on November 7, 2019. (ECF 9-2; ECF 9-4.) The conduct report lists the offense with which he was charged, A-121, and describes the factual basis of the charge—namely, his admission in another disciplinary case that the cellular phone recovered from his cell in July 2019 belonged to him. (ECF 9-1 at 1.) Mr. Hoskins received a copy of the conduct report and the written statement upon which it was based. (ECF 9-1 at 1, 2.) There is nothing confusing about the conduct report, and it provided all the information he needed to

mount a defense. *Northern*, 326 F.3d at 911. He was clearly aware of the facts giving rise to the charge and did in fact mount a defense, obtaining a witness statement from Houston and making a statement in his own defense. He has not demonstrated how any flaw in the conduct report or notice he received prejudiced his ability to defend himself. *See Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003) (harmless error analysis applies to prison disciplinary proceeding).

Mr. Hoskins may also be challenging the sufficiency of the evidence. To satisfy due process, there only needs to be "some evidence" to support the hearing officer's decision. *Hill*, 472 U.S. at 455. As the Seventh Circuit has explained:

> This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000). A conduct report alone can be sufficient evidence to support a finding of guilt. *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). Likewise, circumstantial evidence can be sufficient to satisfy the "some evidence" test. *Meeks*, 81 F.3d at 721.

Mr. Hoskins was found guilty of violating A-121, which prohibits the use or possession of an electronic device. A cellular phone was recovered from the cell Mr. Hoskins shared with inmate Houston, and the conduct report and attached witness statement provide sufficient evidence that the phone belonged to Mr. Hoskins. Although he now characterizes his admission as only pertaining to the charger and not the cell phone itself, it is not the province of this court to reweigh the evidence to make

6

its own determination of guilt or innocence. *Webb*, 224 F.3d at 652. The hearing officer was entitled to credit the evidence of guilt and reject Mr. Hoskins's denials.

Finally, Mr. Hoskins may also be claiming that the charge was initiated by Sergeant Winegardner for improper reasons. (ECF 2 at 2.) "[P]risoners are entitled to be free from arbitrary actions of prison officials, but . . . even assuming fraudulent conduct on the part of prison officials, the protection from such arbitrary action is found in the procedures mandated by due process." *McPherson*, 188 F.3d at 787. As outlined above, Mr. Hoskins has not demonstrated that his federal due process rights were violated in the disciplinary proceeding.

For these reasons, the court DENIES the habeas corpus petition (ECF 2), and DIRECTS the clerk to enter judgment in this case.

SO ORDERED on November 18, 2020

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT